## Staunton

### WRIGHT V. COMMONWEALTH.

September 14, 1911.

1. LICENSES—*Loans on Wages—Assignments to Secure Made Prior to Passage of Act.*—The act of March 12, 1906, (Acts 1906, p. 242) prohibiting persons from engaging in the business of making loans on wages or salaries, without taking out a special license therefor, was not intended to prohibit the collection of lawful loans made prior to its passage. The act is not retrospective, and one who had ceased to engage in the prohibited business before the passage of the act, may, since its passage, lawfully take assignments of wages for prior *bona fide* loans without being amenable to the penalties prescribed by the act.

Error to a judgment of the Corporation Court of the city of Roanoke.

*Reversed.*

The opinion states the case.

*A. B. Hunt,* for the plaintiff in error.

*Samuel W. Williams, Attorney-General,* for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

By an act of the General Assembly approved March 12, 1906, it is provided, "that no person, firm or corporation shall engage generally, regularly or collaterally to any other business, in the business of making loans on household or kitchen furniture, or household goods, or wearing apparel, or sewing machines, or musical instruments, or wages, or

salaries, or on conditional sales of the same, without first obtaining a license therefor, which shall be in addition to the license required by law for any other business the person, firm or corporation may engage in. . . . Any person, firm or corporation violating the provisions of this section shall pay a fine of not less than fifty dollars and not more than five hundred dollars for each offense." Acts 1906, p. 242.

The plaintiff in error was indicted under this statute, found guilty and sentenced to pay a fine of $100.00. To that judgment the present writ of error was awarded.

The record shows that before the statute in question was passed the plaintiff in error was engaged in the business of a private banker, with a license therefor, but that prior to the year 1906 he closed his business as such private banker, and since that date has made no loans taking as security therefor any of the things mentioned in the indictment or in the statute under which it is found. The record further shows that during the time prior to the enactment of the statute, when the plaintiff in error was lawfully engaged in the business of a private banker, he made loans to a number of parties at work for the Norfolk and Western Railway Company and took as security therefor assignments of their wages, the dates of these respective assignments being left blank, with power given to the plaintiff in error to fill in such dates. Some of these loans were unsettled and due to the plaintiff in error at the time the act was passed, and after the statute became operative six of such claims were filed by the accused with the Norfolk and Western Railway Company for collection.

Upon these facts the court, over the objection of the accused, instructed the jury as follows: " . . . that if they believe from the evidence beyond all reasonable doubt that the defendant, Roscoe J. Wright, has since February 10, 1909, engaged in the business of loaning money and tak-

ing as security therefor orders on or assignments of wages of the person to whom the loan was made, or of any other person, they must find the defendant guilty. That the continuing to carry pre-existing loans constitutes such a loan, and that a taking of such order signed and delivered before February 10, 1909, but dated in blank, and afterwards used, or dated since February 10, 1909, is a taking of such order since February 10, 1909."

This instruction puts a construction upon the act of March 12, 1906, not contemplated or warranted by its terms and most prejudicial to the accused. The statute has no retroactive effect and was not intended to confiscate rights of property lawfully vested in the plaintiff in error prior to its enactment. He had the same right to enforce and collect such pre-existing loans after the passage of the act as he had before its passage. The accused continued to hold the evidence of a lawful debt given him prior to the statute, because he had been unable to collect the same. He was authorized to fill in, at his pleasure, the date of these orders taken prior to 1906, and it was no violation of the statute for him to date and collect them after the statute went into effect. The statute prohibits persons from engaging in the business of making loans on wages or salaries; it was never intended to prohibit the collection of lawful loans made prior to its passage. There is no evidence that the accused was engaged in the business of making loans upon wages or salaries after March 12, 1906; on the contrary, he was merely collecting loans lawfully made prior to that date, which he had a right to do.

The statute invoked has no application to the case made by the record, and, therefore, the judgment complained of must be reversed, the verdict set aside and the case remanded for a new trial not in conflict with the views herein expressed, if the Commonwealth be so advised.

*Reversed.*